**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. RICHARD ANTHONY ORTIZ, Defendant - Appellant. | No. 13-30361 D.C. No. 2:12-cr-00062-RSL-28 MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted December 11, 2014
Seattle, Washington

Before: McKEOWN, TALLMAN, and OWENS, Circuit Judges.

Richard Anthony Ortiz challenges the district court's admission of wiretap

calls at trial, arguing that the government did not meet the "necessity" element

required by 18 U.S.C. § 2518 for Target Telephone No. 8 ("TT8").  Ortiz also

challenges the admission of Marisela Fuentes's statements to Ortiz during two

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

prison calls, alleging there was insufficient independent evidence that Fuentes was an unindicted member of the conspiracy.[1]

The government's affidavit provided a "full and complete statement," and the district court did not abuse its discretion in finding that the wiretap application met the statutory requirement of necessity. 18 U.S.C. § 2518(1)(c), (3)(c); *see also United States v. Canales Gomez*, 358 F.3d 1221, 1224 (9th Cir. 2004). Section 2518(1)(c) requires that any application for a judicial order authorizing a wiretap include "a full and complete statement"[2] indicating that "other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." *See also* 18 U.S.C. § 2518(3)(c).

Here, Special Agent Nathan Clammer's 73-page affidavit details an extensive use of traditional investigative procedures, which were met with limited success. As part of a seven month inter-agency investigation into the Berrelleza Drug Trafficking Organization ("DTO"), federal agents performed extensive

---

[1] Ortiz's appeal of the district court's admission of opinion testimony that identified Ortiz's voice for the jury as the Spanish speaker in intercepted calls is disposed of in a published opinion filed contemporaneously with this memorandum disposition.

[2] Ortiz did not appeal the denial of his motion for a *Franks* hearing to determine whether the wiretap application for TT8 contained material misrepresentations or omissions. *See United States v. Shryock*, 342 F.3d 948, 977 (9th Cir. 2003).

physical and video surveillance, developed a limited number of confidential sources, issued subpoenas for financial records, deployed undercover agents, and obtained permission to use pen registers and vehicle tracking devices. On this basis—demonstrating that extensive normal investigative procedures had been tried and failed—the government met the statutory necessity requirement. *United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1112 (9th Cir. 2005).

Finally, the district court did not abuse its discretion in admitting the two prison calls between Ortiz and Fuentes under the co-conspirator hearsay exception. The court was not clearly erroneous when it found that a conspiracy existed, Fuentes was an unindicted co-conspirator, and statements were made in furtherance of that conspiracy. Fed. R. Evid. 801(d)(2)(E); *United States v. Moran*, 493 F.3d 1002, 1010 (9th Cir. 2007). Ample evidence supports its factual findings, including prison calls indicating Ortiz would rejoin the DTO once he was released from custody, testimony from agents establishing that Fuentes likely laundered money for the DTO, and a prior wiretap application listing Fuentes as a target subject of the investigation. The court and jury also knew she was DTO leader Ivan Berrelleza-Verduzco's live-in girlfriend, present during the takedown at their residence, and on that occasion questioned by police.

**AFFIRMED.**